IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VERINT AMERICAS INC., d/b/a
FORESEE RESULTS,

    Plaintiff,

    v.

AMERICAN CUSTOMER
SATISFACTION INDEX LLC,

    Defendant.

Civil Action No. 1:19-CV-02892-JPB

**JURY TRIAL DEMANDED**

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Verint Americas Inc. d/b/a ForeSee Results, in accordance with the Court's Orders of April 19, 2021 (Dkt. No. 41) and May 17, 2021 (Dkt. No. 45), files this Amended Complaint for Declaratory Judgment against the substituted Defendant American Customer Satisfaction Index LLC ("ACSI LLC"), and alleges as follows:

## NATURE OF THE ACTION

1.     In the mid-1990's, the University of Michigan ("UM") and one of its professors, Dr. Claes Fornell, introduced a new customer satisfaction index for the United States and generically named it the American Customer Satisfaction Index

or ACSI.  Consistent therewith, UM and others used ACSI and American Customer Satisfaction Index as generic names for this index.

2.     UM did not seek a federal registration for either term as used for a customer satisfaction index.  Instead, in 1997, UM obtained two federal registrations for services, namely – U.S. Trademark Registration Nos. 2,127,772 and 2,122,752, both for "business and market research and analysis services."[1]

3.     UM allowed others to use the ACSI Designations without a written license or quality control standards, such as CFI Group USA LLC ("CFI") that used the ACSI Designations for many years without any license whatsoever.   On information and belief, UM never sought to enforce the ACSI Designations against any party.

4.     In 2008, Dr. Fornell formed Defendant American Customer Satisfaction Index, LLC ("ACSI LLC"), and UM purported to grant to ACSI LLC an "exclusive license" that included the right to sublicense as well as the responsibility to establish guidelines for and policing the use of the ACSI

---

[1] Specifically, UM registered "ACSI" and "ACSI" with a chart like design ("ACSI and Design") (hereinafter collectively the "ACSI Designations") for "business and market research and analysis *services*, namely, the reserach [sic] and periodic measurement, publication and distribution to others of customer evaluation of the quality of goods and services purchased in the United States in major industry sectors."  *See* Exs. A and B (emphasis added).

Designations.  Like UM, however, ACSI LLC granted sublicenses without quality control provisions and never sought, until recently, to enforce either of the ACSI Designations against a third party.

5.      ForeSee Results, Inc. ("ForeSee") was formed in 2001 to adapt ACSI (or the ACSI model/methodology) to the digital environment, including websites. ForeSee obtained a license from UM to use the ACSI Designations for measuring customer satisfaction in 2002.  No quality control provisions were provided.  In 2012, after expiration of the UM license, ForeSee obtained a sublicense from ACSI LLC to use the registered ACSI Designations for measuring customer satisfaction. Once again, no quality control provisions were provided.  In August 2013, ForeSee terminated the sublicense, effective December 8, 2013, to focus on promoting its own brand, ForeSee, and moved away from use of the ACSI Designations.

6.      Later in 2013, ForeSee was sold to Answers Corporation.  An affiliate of ACSI LLC, CFI Software (where "CFI" stands for Claes Fornell International"), was a shareholder in ForeSee.  In that transaction, in order to protect itself and ForeSee, Answers required the principal sellers, including CFI Software, on behalf of themselves and all of their affiliates, directors, agents and members to enter into a December 20, 2013 Joinder and Waiver Agreement, which included a representation that they and their affiliates, directors, agents and members had no

-3-

claims against ForeSee, and, as extra protection, also included a General Release that released ForeSee from all claims that the principal sellers or their affiliates, directors, agents and members may have against ForeSee.

7.     The December 20, 2013 sales transaction between Answers and ForeSee included numerous representations that ForeSee's operations did not "infringe or misappropriate . . . any Intellectual Property Rights of any Person," did not "constitute unfair competition or trade practices," and were in compliance "with all Laws." The principal sellers, including CFI Software, agreed to indemnify ForeSee for any breach of those representations.  Dr. Fornell was Chairman of the Board of ForeSee when those representations were made, and the Board of ForeSee approved and adopted the sale agreement.  As an affiliate of CFI Software, ACSI LLC is bound by such representations and agreements.

8.     Nonetheless, in 2018, ACSI LLC asserted the ACSI Designations against ForeSee in the United States District Court for the Eastern District of Michigan.  More particularly, shortly before ForeSee was acquired by Verint Americas Inc. in 2018, ACSI LLC brought a claim for trademark infringement of the federally registered ACSI Designations under 15 U.S.C § 1114 even though UM owned those registrations at that time.  The Michigan District Court, however, ruled that ACSI LLC lacked standing to bring such a claim and ACSI LLC's § 1114 claim

for trademark infringement was dismissed. Moreover, as ACSI LLC had represented to ForeSee that UM would join the case to assert that claim, Verint initiated the instant action against UM in order to defend itself from the ACSI Designations as the registrations were not at issue in that Michigan case. Ultimately, despite ACSI LLC's representation, UM did not join the Michigan case.

9.    Since initiation of the instant action, ACSI LLC has purportedly acquired the ACSI Designations from UM. Thus, ACSI LLC now purports to own the registrations that it did not previously own when it brought the above-referenced claim for infringement of a federally registered trademark. ACSI LLC further purports to have the right to sue for past infringement and collect damages. Moreover, as a part of its recent transaction with UM, ACSI LLC expressly agreed to substitute into this action for UM. In view thereof, the Court dismissed UM and substituted ACSI LLC as the declaratory judgment Defendant. Having previously brought the dismissed claim for infringement of federally registered trademarks, previously asserted that UM would join the Michigan case in order to assert such a claim, and having now purportedly obtained said registrations, there is a case or controversy that exists between ACSI LLC and ForeSee regarding the registered ACSI Designations.

10.     Accordingly, this is a declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and pursuant to the federal Trademark ("Lanham") Act, 15 U.S.C. § 1051, *et seq.*, seeking declaratory judgment that: (a) the ACSI Designations do not serve as trademarks or source indicators; (b) if there ever were any trademark rights in the ACSI Designations, that such rights have been abandoned; (c) if the claim for federally registered trademark infringement was not waived and/or released or otherwise abandoned, ForeSee does not infringe residual rights, if any, remaining in the ACSI Designations; and (d) ACSI LLC has committed acts of trademark misuse by asserting, or threatening to assert, through or allegedly on behalf of UM, alleged rights in the ACSI Designations, including because ACSI LLC affirmatively waived and/or released any such claims.  Verint also seeks cancellation of ACSI LLC's U.S. Trademark Registration Nos. 2,127,772 and 2,122,752 for the ACSI Designations.

## PARTIES

11.     Verint Americas Inc. is a corporation under the laws of the State of Delaware having a principal place of business at 800 North Point Pkwy, Alpharetta,

Georgia 30035. Verint Americas Inc. acquired ForeSee Results, Inc. in December 2018 and continues to do business as "ForeSee."[2]

12.    Upon information and belief, Defendant ACSI LLC is organized under the laws of the State of Michigan, with a principal place of business at 625 Avis Drive, Ann Arbor, Michigan 48108.

## JURISDICTION AND VENUE

13.    This action arises under the Federal Trademark ("Lanham") Act, 15 U.S.C. § 1051, *et seq*., and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

14.    This Court has original jurisdiction over the subject matter of this action pursuant to the Lanham Act, including 15 U.S.C. §§ 1119, 1121 and 1125, as well as 28 U.S.C. §§ 1331, 1338 and 2201.

15.    On information and belief, and pursuant to O.C.G.A. § 9-10-91, this Court has personal jurisdiction over ACSI LLC including because, as the now purported owner of the ACSI Designations, ACSI LLC has purposefully availed itself of this forum and transacts business within Georgia, including by causing, permitting and/or facilitating goods and/or services associated with the ACSI

---

[2] For simplicity's sake, Verint Americas Inc. and ForeSee Results, Inc. are referred to herein as "ForeSee" unless specifically noted otherwise.

Designations to be provided to customers and/or subscribers located in Georgia, and deriving revenue from its transactions of business in Georgia.

16.     On information and belief, ACSI LLC, has purposefully transacted business in Georgia by entering into licensing and/or subscription agreements, advertising, offering for sale and selling goods and/or services under the ACSI Designations in Georgia, with companies located in Georgia and in this District. *See, e.g.*, Ex. C.   This cause of action arises from, and is connected to, the ACSI Designations and their use.

17.     On information and belief, ACSI LLC, has purposefully transacted business in Georgia by offering, and entering into, agreements with companies located in Georgia and in this District, that permit these companies to obtain goods and/or services associated with the ACSI Designations from ACSI LLC.   On information and belief, ACSI LLC derives revenue from Georgia businesses based on these agreements.

18.     On information and belief, ACSI LLC, has purposefully transacted business in Georgia by offering, and entering into, agreements with companies located in Georgia and in this District, that permit these companies rights to use the ACSI Designations.   On further information and belief, ACSI LLC derives revenue from Georgia businesses based on  these agreements.

19.    On information and belief, ACSI LLC has knowingly caused, permitted, and/or facilitated use of the ACSI Designations in Georgia in association with goods and/or services provided to Georgia companies such as The Home Depot, United Parcel Service, SunTrust Bank, Delta Airlines, Arby's, The Coca-Cola Company, Cox Media Group, Southern Company, Chick-fil-A, and CNN.  Ex. C.

20.    On information and belief, as part of providing goods and/or services in association with the ACSI Designations to companies throughout the United States, including within Georgia, ACSI LLC has conducted surveys of or received survey responses from Georgia residents and/or Georgia company representatives.

21.    Further, on information and belief, ACSI LLC now currently purports to enforce its ACSI Designations in Georgia and elsewhere by requiring that those who use the ACSI Designations be licensed by ACSI LLC.  In that regard, ACSI LLC has accused ForeSee and/or Verint Americas Inc. of using the ACSI Designations in an unauthorized manner.  For these and other reasons, there is a justiciable controversy between ACSI LLC and ForeSee and/or Verint Americas Inc.

22.    On information and belief ACSI LLC, and its licensees, maintain continuous, systematic, and/or purposeful contacts with this forum (including with companies in Georgia) and throughout the entire United States, including by permitting parties to use the ACSI Designations and/or to subscribe to ACSI LLC

goods and/or services offered in association with the ACSI Designations.  ACSI LLC expressly promotes the American Customer Satisfaction Index as, at least in part, a national measure of customer satisfaction in the United States, thus illustrating ACSI LLC's purposeful nationwide contacts, including with Georgia and elsewhere.

23.     Yet further, on or about March 8, 2021, UM purportedly assigned the ACSI Designations to ACSI LLC, including a grant of the rights to sue and collect for past infringement.  Dkt. No. 42-1 at 2.  Further thereto, on or about that same date, ACSI LLC purportedly entered into an "as is" trademark assignment agreement with UM that expressly acknowledged the existence of this action and provides that if either Verint or UM filed a motion to substitute ACSI LLC into this action for UM, ACSI LLC would "consent to and not oppose the substitution."  Dkt. No. 42-1 at 3-4.  Having received knowledge of this action (*e.g.,* Dkt. No. 44), ACSI LLC did not contest substitution.  Accordingly, ACSI LLC has purposefully availed itself of this forum by agreeing to substitute into the above styled case and by consenting to and not opposing substitution for UM in this action.

24.     Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(3) and (c)(2) for the foregoing reasons and because ACSI LLC is subject to this Court's personal jurisdiction.

-10-

# BACKGROUND

## *UM Introduces and Generically Names New Customer Satisfaction Index*

25. On information and belief, the American Customer Satisfaction Index or ACSI was first produced in the United States in 1994 by researchers at UM under the direction of Dr. Claes Fornell, a professor at UM. It was publicly disclosed in a 1996 paper by Dr. Fornell and his colleagues, entitled: "*The American Customer Satisfaction Index: Nature, Purpose and Findings.*"

26. ACSI is distinguished from other measures of quality by four significant characteristics:

   1. ACSI has a uniform, customer-based definition of quality: customer satisfaction with the quality of goods and services purchased and used.
   2. ACSI treats satisfaction with quality as a cumulative experience, rather than a most recent-transaction experience.
   3. ACSI uses a cause-and-effect model that measures satisfaction quantitatively as the result of survey-measured input of customer expectations, perceptions of quality, and perceptions of value (i.e., quality for cost).
   4. The ACSI model links satisfaction quantitatively with customer-survey-measured outcomes: complaints (a negative outcome) and customer loyalty (a positive outcome). Customer loyalty is derived from measures of customer retention and price tolerance.

27. ACSI is therefore based on survey responses answered on a numeric scale that uses a cause-and-effect model that allows for customer satisfaction, a "latent variable" that cannot be directly measured, to be estimated as a weighted sum

of survey question responses.  UM used the ACSI designations to generically identify that model/methodology.

28.     The so-called ACSI model/methodology is public domain information. As confirmed by a licensee and affiliate of ACSI LLC in the recent Genesys litigation (see below), CFI (of which Dr. Fornell is an owner and Chairman of the Board), it is "not copywritten, patented, trademarked or even trade secret."

29.     In 1997, UM obtained U.S. Trademark Registration Nos. 2,127,772 and 2,122,752, for the trademarks "ACSI" and "ACSI and Design," respectively.  Ex. A (U.S. Trademark Reg. No. 2,122,772) and Ex. B (U.S. Trademark Reg. No. 2,122,752).

30.     Dr. Fornell and others formed ForeSee Results, Inc. in 2001 as part of an effort to adapt the so-called "ACSI methodology" to websites and other digital technology.  To that end, on or about April 4, 2002, UM granted ForeSee a ten-year non-exclusive worldwide right to use the ACSI Designations for measuring customer satisfaction ("UM-ForeSee License").  No specific model, methodology, process, or algorithm was specified. A copy of the UM-ForeSee License is attached as Exhibit D.

31.     Since its formation, ForeSee has applied ACSI methodology and served more than 2,000 companies worldwide, including approximately half of the Fortune

500 companies and approximately 90% of the U.S. Government Executive Branch Departments.  ForeSee has become a leading internet analytics firm and cloud voice of customer vender that provides exceptional goods and services to global brands in retail, financial services, utilities, and the public sector and helps deliver exceptional customer experiences.

### *ACSI LLC is Formed and UM and ACSI LLC Enter Into a License without any Quality Control*

32.    In 2008, Dr. Fornell founded ACSI LLC to produce the national ACSI that had been, until that time, produced by UM. Dr. Fornell is the sole owner of ACSI LLC.

33.    On September 16, 2008, UM entered into a Trademark License Agreement with ACSI LLC (the "UM-ACSI License") for use of the ACSI Designations. *See* Ex. E (UM-ACSI License).

34.    In the UM-ACSI License, despite there being other existing licensees (including ForeSee), UM purported to grant ACSI LLC an exclusive license under the ACSI Designations.  UM also granted ACSI LLC the right to sublicense, as well as all rights, responsibilities, and obligations associated with establishing guidelines for and policing the use of the ACSI Designations.  In addition, UM assigned the UM-ForeSee License to ACSI LLC. ForeSee agreed to, and acknowledged, the assignment of the non-exclusive UM-ForeSee License to ACSI LLC at the time.

35.     Although the UM-ACSI License purported to be an "exclusive" worldwide license, it was entered into subject to numerous existing licenses as well as an additional license that was being negotiated.  In addition, UM itself retained rights to continue to use the ACSI Designations, and more specifically, was granted a royalty-free, irrevocable license to use the ACSI Designations.  Ex. E, ¶ 2.2.

36.     In addition to its license with ACSI LLC, UM also licensed the use of its ACSI Designations to a number of other entities, including but not limited to the following:

    a.  As previously addressed, UM entered into the UM-ForeSee License, a license agreement for use of the ACSI Designations with ForeSee Results, Inc. in 2002.

    b.  UM entered into a license agreement for use of the ACSI Designations with CFI Group, Inc. in 2007.

    c.  On information and belief, UM entered into a license agreement for use of the ACSI Designations with TriRem Gerencia in 2006.

    d.  On information and belief, UM entered into a license agreement for use of the ACSI Designations with Universidad Iberoamericana, A.C.

  e. On information and belief, UM entered into a license agreement for use of the ACSI Designations with KA Research Limited in 2008.

  f. On information and belief, UM entered into a license agreement for use of the ACSI Designations with Singapore Mgmt.

37. The UM-ACSI License expressly required that ACSI LLC not interfere with the rights of any of the existing licensees to the ACSI Designations.  Ex. E, ¶ 2.2.

38. In addition, the UM-ACSI License imposed various restrictions upon ACSI LLC including:

  a. ACSI LLC's use of the ACSI Designations inures <u>not</u> to the benefit of ACSI LLC, but rather, to UM (Ex. E, ¶ 2.6);

  b. ACSI LLC is prohibited from doing anything in derogation of any of UM's rights (Ex. E, ¶ 7.2);

  c. ACSI LLC is prohibited from assigning the license agreement or any rights under the license without UM's consent (Ex. E, ¶ 14.11);

-15-

d. ACSI LLC is prohibited from settling any infringement suits regarding the ACSI Designations without UM's consent (Ex. E, ¶ 8.1);

e. When UM elects to bring an infringement action, it has full authority to settle without ACSI LLC's consent (Ex. E, ¶ 8.3);

f. When UM elects to bring an infringement action, ACSI LLC is stripped of all sublicensing rights during the pendency of any such action. (Ex. E, ¶ 8.3);

g. ACSI LLC must notify UM thirty days before filing any suit for infringement (Ex. E, at ¶ 8.1);

h. ACSI LLC's license is explicitly subject to "existing licenses" to the ACSI Designations and related software, which includes the licenses to be issued by UM after ACSI LLC obtained its license (Ex. E, Preamble, ¶ 1.1);

i. ACSI LLC is prohibited from interfering with any third-party's use of the ACSI Designations under an "existing license," nor can ACSI LLC impose any restrictions on such third party's that are more restrictive than those contained in the existing licenses (Ex. E, ¶ 2.2);

   j. Trademark notices for ACSI LLC's own products distributed in connection with the ACSI Designations are to be consistent with "any instruction which might be provided by UM" (Ex. E, ¶ 14.5);

   k. All sublicensees of ACSI LLC are required to allow UM access to the sublicensees' records for auditing (Ex. E, ¶ 4.3); and

   l. Upon termination of ACSI LLC's license, all sublicensees of ACSI LLC also terminate (Ex. E, ¶ 6.3).

39. The UM-ACSI License transferred to ACSI LLC the duty to police uses of the ACSI Designations.  Ex. E, ¶¶ 2.2, 5.2.

40. However, on information and belief, neither UM nor ACSI LLC established or promulgated any quality control standards.

41. On information and belief, neither UM nor ACSI LLC exercised quality control over the ACSI Designations.

42. Well into the term of the non-exclusive UM-ForeSee License, while continuing to use ACSI model/methodology, ForeSee enhanced the algorithm it used to estimate satisfaction scores for customers.  Initially, ForeSee utilized a component-based statistical algorithm, a Latent Variable Partial Least Squares approach ("LV-PLS algorithm"), to estimate customer satisfaction scores.  Then, in

2008 and 2009, ForeSee began to research and evaluate an improved and related component-based statistical algorithm, the Generalized Structured Component Analysis algorithm ("GSCA algorithm"). The GSCA algorithm was a "state of the art" component-based statistical algorithm that provided certain advantages over the LV-PLS algorithm. While the GSCA algorithm offered advantages over the LV-PLS algorithm, the satisfaction scores estimated by both algorithms did not materially differ and were comparable to one another.

43.     Having determined the GSCA algorithm offered advantages over the LV-PLS algorithm and produced comparable results, in 2010, ForeSee began to use the GSCA algorithm in its practice of ACSI model/methodology to estimate customer satisfaction scores for customers. At that time, the non-exclusive UM-ForeSee License for the ACSI Designations remained in effect and Dr. Fornell was Chairman of the Board of ForeSee.

44.     ForeSee's implementation of the GSCA algorithm in its practice of ACSI model/methodology was publicly disclosed, including to customers who sought such information from ForeSee.  From approximately 2010 forward, ForeSee used the GSCA algorithm in applying ACSI model/methodology.

45.     In 2012, as the UM-ForeSee License was expiring, ForeSee entered into a Limited Trademark Sublicense Agreement with ACSI LLC (the "ACSI-ForeSee

License"), for continued use of the ACSI Designations. Ex. F (ACSI-ForeSee License). The term of the ACSI-ForeSee License was ten (10) years, with a right to terminate on four months' notice. No one raised any concerns, including ForeSee's Chairman of the Board Dr. Fornell, about ForeSee's application of ACSI model/methodology using the GSCA algorithm or ForeSee's use of any ACSI Designations with respect thereto.

46.     In early 2013, while Dr. Fornell was still Chairman of the Board of ForeSee, ForeSee was considering whether it should continue to license the ACSI Designations from ACSI LLC, given ForeSee's increasing brand awareness. Ultimately, ForeSee decided to move away from use of the ACSI Designations in order to focus on promoting its own brand, ForeSee. ForeSee thus decided to terminate the ACSI-ForeSee License. That decision was supported by the ForeSee Board of Directors, including Dr. Fornell.

47.     In August 2013, again while Dr. Fornell was Chairman of the Board of ForeSee and while he also owned and controlled ACSI LLC, ForeSee informed ACSI LLC of its decision to terminate the ACSI-ForeSee License. On December 8, 2013, following the four-month notice period, the ACSI-ForeSee License terminated. Thereafter, ForeSee's prior uses of an ACSI Designation continued to be publicly available and certain historical or fair use references to ACSI

model/methodology continued to be made, including during the time period between the December 9, 2013 license termination and December 20, 2013, when ForeSee was sold to Answers.

48.    Thus, ForeSee initially utilized the ACSI Designations and the so-called ACSI methodology, but developed its own methodology.  More particularly, within a few years of its formation, ForeSee developed and began to use its own ForeSee methodology.

49.    Further, as part of ForeSee's adaptation of the so-called "ACSI methodology" to websites and the digital environment, ForeSee independently developed specific "drivers of satisfaction" as well as related survey questions tailored to website experiences.    ForeSee also developed, evaluated, and implemented an improved least squares algorithm that could be used with ForeSee's implementation of the so-called "ACSI methodology."

50.    Yet further, while ForeSee decided to focus on promoting its own brand in introducing the rebranded "ForeSee methodology," this change in name, and the enhancements made by ForeSee, maintained the defining characteristics of the ACSI model/methodology.  In other words, these enhancements and the rebranding of its services did not change the service ForeSee was providing, and had been providing,

to its clients since its formation.  Thus, ForeSee has been measuring customer satisfaction with websites using ACSI model/methodology since its formation.

### *ForeSee is Sold to Answers Corporation*

51.    On December 20, 2013, ForeSee was sold to Answers Corporation ("Answers") for over $200 million. CFI Software and Dr. Fornell received substantial payments as a result of that sale. Further, as part of the sale, ForeSee (with Dr. Fornell as Chairman) represented and warranted that as of December 20, 2013, ForeSee's business practices did ***not*** "infringe or misappropriate. . .any Intellectual Property Rights of any Person," or "constitute unfair competition or trade practices." Moreover, Dr. Fornell (and the other Board members) represented that ForeSee had "been applying [ACSI] online . . . for more than ten years."  CFI Software and its affiliates—including ACSI LLC—indemnified ForeSee for any breach of these representations and released ForeSee and its successors from any and all such claims.

52.    ForeSee continued to conduct its business in accordance with such representations and agreements, and more particularly, continued to operate using the business practices that it had put in place prior to the Answers acquisition.

### *Verint Acquires ForeSee and ACSI LLC purports to obtain the ACSI Designations*

53.     On December 13, 2018, Verint acquired the stock of ForeSee from Answers and ForeSee became a wholly owned subsidiary of Verint.  In early 2019, Verint and ForeSee merged, leaving Verint as the surviving corporation and the successor to ForeSee.

54.     In March 2021, UM purported to assign all rights, title, and interest in and to the ACSI Designations to ACSI LLC.

55.     Verint has never been a licensee of any ACSI Designation.

### *The Genesys Litigation: UM Asserts that It Is The Sole Owner*

56.     On or about August 8, 2017, ACSI LLC brought suit against Genesys Telecommunications Laboratories, Inc. and Interactive Intelligence, Inc. (collectively, "Genesys"), alleging, *inter alia*, federal trademark infringement of the ACSI Designations under the Lanham Act pursuant to 15 U.S.C. § 1114.  *See Am. Customer Satisfaction Index, LLC v. Genesys Telecomms Labs., Inc., et al.*, No. 4:17-cv-12554-MFL-SDD, at Dkt. Nos. 1, 28 (E.D. Mich.) (referred to herein as "Genesys Action") (Ex. G (Genesys Action, Dkt No. 1) and Ex. H (Genesys Action, Dkt No. 28)). On information and belief, this was the first effort to enforce any ACSI Designation.

57.     Genesys filed a motion for judgment on the pleadings, arguing that because ACSI LLC was not the owner, registrant, or assignee of the ACSI Designations, ACSI LLC lacked standing to bring a claim for federal trademark infringement under the Lanham Act.  Ex. I (Genesys Action, Dkt. No. 31).

58.     On or about May 31, 2018, the United States District Court for the Eastern District of Michigan held that because UM is the owner and registrant of the ACSI Designations, ACSI LLC lacked standing to bring a claim for infringement of a federally registered trademark under the Lanham Act.  Ex. J (Genesys Action, Dkt. No. 46 at 49:2-52:4).  The court held that the UM-ACSI License was not an exclusive license ("the license agreement here is not an exclusive license").  Ex. J (Genesys Action, Dkt. No. 46 at 49:22-23).

59.     On or about July 27, 2018, UM filed a Motion to Substitute as the real party in interest to ACSI LLC's federal trademark infringement claim.   In that motion, UM asserted that it was "the sole owner[] of the ACSI's [sic] intellectual property, including its trademarks" and argued that it should be permitted to substitute for ACSI LLC as the real party in interest in the Genesys Action.  Ex. K (Genesys Action, Dkt. No. 55).

60.     The United States District Court for the Eastern District of Michigan, on or about October 9, 2018, granted UM motion to substitute as the real party in

interest with respect to the Lanham Act claims brought by ACSI LLC.  Ex. L (Genesys Action, Dkt. No. 64).

### *The ForeSee Litigation: ACSI LLC Asserts it is the Exclusive Licensee*

61.    On or about October 24, 2018, ACSI LLC filed suit against ForeSee. Despite the prior ruling in the Genesys Action, ACSI LLC again alleged, *inter alia*, a claim for federal trademark infringement under the Lanham Act pursuant to 15 U.S.C. § 1114 of the UM registered marks.  *See Am. Satisfaction Index, LLC v. ForeSee Results, Inc.*, No. 2:18-cv-13319-GAD-MKM, Dkt. No. 1 (E.D. Mich.) (referred to herein as "ForeSee Action") (Ex. M).

62.    ACSI LLC later filed an Amended Complaint, again alleging *inter alia*, a claim for federal trademark infringement under the Lanham Act pursuant to 15 U.S.C. § 1114 of the UM registered marks.  Ex. N (ForeSee Action, ECF No. 15). In the Amended Complaint, ACSI LLC, asserted that "ForeSee has purposely and intentionally used the ACSI Designations and name without authority and with knowledge of ACSI's exclusive rights."  Ex. N (ForeSee Action, Dkt. No. 15, ¶65).

63.    ACSI LLC, as the party purportedly responsible for establishing, maintaining, and policing standards and specifications for the use of the ACSI Designations, as per the UM-ACSI License, alleged that as a result of ForeSee's purported unauthorized use of the ACSI Designations, ForeSee's conduct

-24-

constituted federal trademark infringement in violation of 15 U.S.C. § 1114.  Ex. N

(ForeSee Action, Dkt. No. 15, ¶¶ 69-75).

64.     Despite the United States District Court for the Eastern District of

Michigan previously holding—on or about May 31, 2018—that ACSI LLC lacked

standing to bring an infringement claim under the Lanham Act, and that the UM-

ACSI License was <u>not</u> an exclusive license, ACSI LLC did not add or seek to add

UM as a party to the ForeSee Action.

65.     Almost three months after the United States District Court for the

Eastern District of Michigan granted UM's motion in the Genesys Action to

substitute as the real party in interest to ACSI LLC's Lanham Act claims (Ex. L

(Genesys Action, Dkt. No. 64)), ACSI LLC filed an Amended Complaint on

December 27, 2018 in the ForeSee Action, again asserting infringement under the

Lanham Act.  UM is not a party to the ForeSee Action.  *See* Ex. N (ForeSee Action,

Dkt. No. 15).

66.     ForeSee/Verint asserts that ACSI LLC's allegations notwithstanding, it

has not infringed the ACSI Designations and that the ACSI Designations, if they

ever could function as trademarks, have been abandoned as a result of actions by

UM and/or ACSI LLC.  Further, Verint believes that at least claims by ACSI LLC

against ForeSee and/or Verint for infringement under 15 U.S.C. § 1114 for practices

in place prior to the Answers acquisition of ForeSee have been waived and/or released as part of that acquisition.  Even so, given ACSI LLC's previous allegations and representations regarding the ACSI Designations, as a result of ACSI LLC's failure and unwillingness to add UM as the real party in interest with respect to any claim for infringement under the Lanham Act and as a result of the recent purported assignment of the ACSI Designations to ACSI LLC, this Declaratory Judgment action is necessary to afford Verint relief from ACSI LLC's allegations that ForeSee and/or Verint infringed or infringes any rights related to the ACSI Designations as well as to allow ForeSee and/or Verint to challenge the validity of such registrations.

67.    As the prior owner and registrant of the ACSI Designations, UM failed to exercise adequate control over the use of the ACSI Designations by its various licensees, including by entering into naked licenses with ACSI LLC and others.

68.    As the alleged current owner and registrant of the ACSI Designations, and as the prior licensee with the rights and responsibility for policing and enforcing the ACSI Designations, ACSI LLC failed to exercise adequate control over the use of the ACSI Designations by its various licensees, including by entering into naked licenses with ForeSee and CFI. For example, ACSI LLC never objected to any ForeSee use of any ACSI Designation in connection with applying ACSI model/methodology using GSCA until after filing suit in the ForeSee Action, more

than eight years after ForeSee first implemented the enhanced algorithm as part of the process.

69.     As the prior owner and registrant of the ACSI Designations, UM failed in its affirmative duty to control the nature and/or quality of the various licensees' goods and/or services associated with the ACSI Designations in a reasonable manner.

70.     As the alleged current owner and registrant of the ACSI Designations, and as the prior licensee with the rights and responsibility for policing and enforcing the ACSI Designations, ACSI LLC failed in its affirmative duty to control the nature and/or quality of the various licensees' goods and/or services associated with the ACSI Designations in a reasonable manner.

71.     As the prior owner and registrant of the ACSI Designations, UM failed to adequately monitor or police the nature and/or quality of the various licensees' goods and/or services associated with the ACSI Designations.

72.     As the alleged current owner and registrant of the ACSI Designations, and as the prior licensee with the rights and responsibility for policing and enforcing the ACSI Designations, ACSI LLC failed to adequately monitor or police the nature and/or quality of the various licensees' goods and/or services associated with the ACSI Designations.

73.     On information and belief, and with respect to any licensee of the ACSI Designations, neither UM nor ACSI LLC retained control over any licensees' purported quality control measures.

74.     On information and belief, and with respect to any licensee of the ACSI Designations, neither UM nor ACSI LLC exercised actual control over any licensees' purported quality control measures.

75.     On information and belief, and with respect to any licensee of the ACSI Designations, ACSI LLC could not and did not exercise quality control over at least the so-called existing licensees and UM was unreasonable in relying on its licensee's quality control measures, if any.  Further, on information and belief, neither UM nor ACSI LLC nor any other licensee established or implemented any quality control measures that could be relied upon by UM or ACSI LLC or any licensee.

76.     As result of UM and ACSI LLC permitting such excessive and uncontrolled licensing of the ACSI Designations, leading to a deception of the public as to the nature and/or quality of those goods and/or services, UM and now ACSI LLC have forfeited any alleged rights in the ACSI Designations.  On information and belief, even if they could function as trademarks, the ACSI Designations have lost any such trademark significance and no longer serve as indicators of source.

77.     As a result of UM and ACSI LLC's failure to exercise adequate control over the nature and/or quality of the goods and/or services associated with the ACSI Designations, the ACSI Designations, even if they could function as trademarks, have been abandoned.

78.     For at least the foregoing reasons, the ACSI Designations should be cancelled pursuant to 15 U.S.C. §§ 1064, 1119, 1127.

## COUNT ONE
### (Declaratory Judgment of Abandonment and Cancellation of the ACSI Designations)

79.     ForeSee restates and incorporates by reference the foregoing allegations, as if fully set forth herein.

80.     An actual, justiciable controversy exists between ForeSee and/or Verint and ACSI LLC regarding whether ForeSee and/or Verint committed trademark infringement pursuant to 15 U.S.C. § 1114.

81.     UM was the owner and registrant of the ACSI Designations as shown in U.S. Trademark Registration Nos. 2,127,772 and 2,122,752 until it purported to assign those rights to ACSI LLC in March 2021.  ACSI LLC is now the alleged owner and registrant of the ACSI Designations.

82.     UM and ACSI LLC permitted licensees to use the ACSI Designations without establishing and/or exercising adequate control over use of the ACSI

Designations and/or supervision over the nature or quality of the products and/or services associated with the ACSI Designations.

83.     UM and ACSI LLC failed to take meaningful steps to ensure that any and all of the licensees to the ACSI Designations were maintaining a certain standard of quality of the products and/or services associated with the ACSI Designations and likewise failed in its duty to police the nature or quality of the products and/or services associated with the ACSI Designations.

84.     Even if the ACSI Designations could function as trademarks, these unsupervised licenses have diminished the ACSI Designations association with the nature and quality of the goods and services typically associated with either UM or ACSI LLC. The ACSI Designations do not serve as source identifiers identifying ACSI LLC.

85.     A declaratory judgment will serve to clarify and settle the legal relations at issue between the parties, and it will terminate and afford relief to ForeSee and Verint from the uncertainty and controversy giving rise to this proceeding.

86.     Therefore, there is a controversy between ACSI LLC and ForeSee and/or Verint because ACSI LLC has previously accused Verint and/or its acquiree, ForeSee, of infringing the ACSI Designations.  Based thereon and the foregoing, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, Verint is entitled

to a declaratory judgment that the ACSI Designations (U.S. Trademark Registration Nos. 2,127,772 and 2,122,752) are invalid as abandoned, and to an order pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, cancelling said registrations.

## COUNT TWO
### (Declaratory Judgment of Trademark Misuse)

87.    ForeSee restates and incorporates by reference the foregoing factual allegations, as if fully set forth herein.

88.    In view of the express language of the UM-ACSI License, and the Michigan District Court's May 31, 2018 Order in the Genesys Action, ACSI, LLC has made, and continues to make, the false representation that ACSI, LLC was an "exclusive licensee" of the ACSI Designations.  Based thereon, ACSI LLC has brought and thus threatened Verint and its acquiree, ForeSee, with infringement based on that false representation.  On information and belief, that false misrepresentation has been made and/or was being used in an improper effort to harass and improperly interrupt the business of Verint, including because of the Waiver and Joinder Agreement referenced herein.

89.    Such misrepresentations are material to the enforcement and/or assertion of the ACSI Designations by ACSI LLC.

90.    By making such false representations, ACSI, LLC has unclean hands and is committing acts of trademark misuse.

-31-

## COUNT THREE
### (Declaratory Judgment of Non-Infringement of the ACSI Designations)

91.　ForeSee restates and incorporates by reference the foregoing factual allegations, as if fully set forth herein.

92.　An actual, justiciable controversy exists between ForeSee and/or Verint and ACSI LLC regarding whether ForeSee and/or Verint committed trademark infringement pursuant to 15 U.S.C. § 1114.

93.　UM was the owner and registrant of the ACSI Designations as shown in U.S. Trademark Registration Nos. 2,127,772 and 2,122,752 until it purported to assign those rights to ACSI LLC in March 2021.  ACSI LLC is now the purported owner and registrant of the ACSI Designations.

94.　ForeSee and/or Verint has not caused a likelihood of confusion with any of the ACSI Designations in commerce in connection with the sale, offering for sale, distribution, or advertising of any of ForeSee's and/or Verint's products and/or services in violation of 15 U.S.C. §1114.

95.　Therefore, ForeSee and/or Verint does not infringe, and has not infringed, any residual or remaining trademark rights in the ACSI Designations, if any, in violation of 15 U.S.C. § 1114, and is entitled to a declaratory judgment that ForeSee and/or Verint has not infringed ACSI LLC's federally registered trademark rights, if any.

## **PRAYER FOR RELIEF**

WHEREFORE, Verint prays for the following relief:

A.    A declaratory judgment that the ACSI Designations have been abandoned;

B.    A declaratory judgment cancelling the ACSI Designations;

C.    A declaratory judgment that ACSI LLC has committed acts of trademark misuse, including by claiming and asserting that it has exclusively licensed the ACSI Designations and threatening Verint with such purported rights;

D.    A declaratory judgment that Verint does not infringe the ACSI Designations;

E.    An order awarding Verint its costs, expenses, and reasonable attorneys' fees as permitted by law; and

F.    Such other and further relief as the Court deems just and proper.


Respectfully submitted this 16th day of June, 2021.

MEUNIER CARLIN & CURFMAN LLC

/s/   *Stephen M. Schaetzel*
Stephen M. Schaetzel
Georgia Bar No. 628653
*sschaetzel@mcciplaw.com*

Robert J. Leonard
Georgia Bar No. 303694
*rleonard@mcciplaw.com*
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Telephone: (404) 645-7700
Facsimile: (404) 645-7707

*Counsel for Plaintiff,*
*Verint Americas Inc. d/b/a ForeSee Results*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document complies with LR 5.1 and 7.1,

NDGa.  The foregoing pleading was prepared on a computer using 14-point Times

New Roman font.

/s/ *Stephen M. Schaetzel*
Stephen M. Schaetzel